Opinion of
the Court.
ON the first of September 1810, Blain executed an obligation to Mercer, conditioned to convey to him, on reasonable demand, a described boundary of land in the county of Washington. Some time after, Blain sold the same land to Hamilton, and, for a valuable consideration paid by Hamilton, executed a deed of conveyance therefor. Mercer then exhibited his bill in equity, alleging that he had purchased the land from Blain, paid the purchase money, and received the obligation for the title; that since his purchase, Blain has fraudulently conveyed the land to Hamilton, who, at the time of his contracting for the land, was informed of the purchase which he (Mercer) had previously made; and after making Blain and Hamilton defendants, asks for a specific execution of the contract of purchase made by him, and that Hamilton be compelled to surrender the title which he had fraudulently procured from Blain, and for general relief, &c.
Blain answered, admitting the execution of the obligation to Mercer; but charges that he never sold the land to Mercer, and that the obligation was intended as an indemnity to Mercer, for $30 which Mercer had loaned him, and that it was understood, both by him and Mercer, that on his paying the $30 with interest, the obligation was to be delivered up to Mercer. He admits that he since sold and conveyed the land to Hamilton; but alleges that he never informed Hamilton of the lien which Mercer had on the land, and that he knows not whether Hamilton was informed of it before he received the conveyance. He charges that he has since tendered the $30 with interest, to Mercer, and insists that he is entitled to nothing more.
Hamilton admits that he has obtained a conveyance for the land, under a fair and bona fide purchase from Blain for a valuable consideration, and denies having any notice of Mercer’s claim, until after he paid for the land and received a title.
The court below considered the bond to have been given by Blain as an indemnity for the $30 loaned by *413 Mercer; and, supposing that Hamilton knew thereof when he made his purchase, decreed the $30, with interest, to be paid to Mercer; and on the failure of payment, directed a commissioner to sell so much of the land as might be necessary for the payment thereof; but refused to decree a conveyance according to the condition of the obligation given by Blain to Mercer. From that decree Mercer has appealed.
If, under his obligation, Mercer would have been entitled to a decree against Blain for the land, we should be of opinion that Hamilton ought likewise to be compelled to surrender the title acquired by him; for although the evidence as to Hamilton’s having notice, is not as clear as it might be desired, we apprehend it is sufficient to show that he knew of the claim of Mercer, before the conveyance was made by Blain; and having obtained the conveyance with notice, Hamilton must hold the title subject to any equity to which it was liable in the hands of Blain. We think, however, that under the circumstances displayed in the record. Mercer has obtained a decree for every thing that, on principles of equity, he is entitled to. The obligation, it is true, imports an absolute stipulation for a conveyance in fee simple, and the decree has treated it as an indemnity to secure Mercer in the payment of $30 with interest. But the parol evidence abundantly proves the obligation to have been given to indemnify Mercer for that sum loaned by him to Blain, and that Blain was to be allowed, at any time, to redeem the land, by the repayment of the money. After having induced Blain, under such assurances, to execute the obligation, it is palpably unjust and fraudulent in Mercer, to refuse to receive the money, and insist on an absolute conveyance of the land; and courts of equity will never be the instrument of injustice, by decreeing the specific execution of a contract so iniquitously sought to be enforced. Notwithstanding written agreements cannot, in general, be varied, added to, or supplied by parol testimony, yet the defendant will be permitted, in a case like the present, to resist the performance of the contract, by introducing parol evidence to show that through the fraud of the plaintiff, the agreement did not embrace the real intention of the parties.
Decree affirmed.